# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
VINCENT RICCIARDI,               *
                                 *      No. 18-455V
              Petitioner,        *
                                 *      Special Master Christian J. Moran
                                 *
v.                               *      Filed: October 17, 2022
                                 *
SECRETARY OF HEALTH              *      Attorneys' Fees and Costs
AND HUMAN SERVICES,              *
                                 *
              Respondent.        *
* * * * * * * * * * * * * * * * * * * **
```

Bridget C. McCullough, Muller Brazil, LLP, Dresher, PA, for Petitioner;
Christine M. Becer, United States Dep't of Justice, Washington, DC, for
Respondent.

## UNPUBLISHED DECISION AWARDING
## ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Vincent Riccardi's motion for final
attorneys' fees and costs. He is awarded **$49,306.93**.

\*      \*      \*

On March 23, 2018, petitioner filed for compensation under the Nation
Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

---

[1] Because this published decision contains a reasoned explanation for the action in this
case, the undersigned is required to post it on the United States Court of Federal Claims' website
in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal
Management and Promotion of Electronic Government Services). This posting means the
decision will be available to anyone with access to the internet. In accordance with Vaccine Rule
18(b), the parties have 14 days to identify and move to redact medical or other information, the
disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the
undersigned agrees that the identified material fits within this definition, the undersigned will
redact such material from public access.

Petitioner alleged that the influenza vaccination he received on March 28, 2018, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused him to suffer Guillain-Barré syndrome. Following the submission of expert reports and prehearing submissions, the matter was eventually referred to ADR. The parties' resolution efforts proved fruitful and on September 14, 2021, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on September 15, 2021. 2021 WL 4975566.

On February 19, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $32,509.60 and attorneys' costs of $16,797.33 for a total request of $49,306.93. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Id. On March 7, 2022, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply thereafter.

*     *     *

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.   Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

 Petitioner requests the following rates of compensation for the work of his counsel, Ms. Bridget McCullough: $225.00 per hour for work performed in 2018 and 2019, $250.00 per hour for work performed in 2020, $275.00 per hour for work performed in 2021, and $300.00 per hour for work performed in 2022. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what the undersigned has previously awarded to petitioner's counsel at Muller Brazil, LLP for her Vaccine Program work. See, e.g. Wiltse v. Sec'y of Health & Human Servs., No. 19-1273V, 2022 WL 854904 (Fed. Cl. Spec. Mstr. Feb. 25, 2022). Accordingly, the requested hourly rates are reasonable.

B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable. Therefore, petitioner is awarded final attorneys' fees in the amount of $32,509.60.

C.   Costs Incurred

3

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $16,797.33 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and work performed by petitioner's medical expert, Dr. Frederick Nahm. Dr. Nahm's invoice presents a reasonable number of hours (27.0) and a reasonable hourly rate which the undersigned has previously accepted ($500.00 per hour). <u>Karapetian v. Sec'y of Health & Human Servs.</u>, No. 19-546V, 2022 WL 1865083, at *3 (Fed. Cl. Spec. Mstr. May 9, 2022). The remainder of the costs have been supported by the necessary documentation and are also reasonable.

Petitioner is therefore awarded final attorneys' costs of $16,797.33.

D.     <u>Conclusion</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$49,306.93** (representing $32,509.60 in attorneys' fees and $16,797.33 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Bridget McCullough.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.